United States District Court
Southern District of Texas
ENTERED
May 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Charles Jairo Spezzia, | § | |
| *Petitioner,* | § | Civ. Case No. 4:19-cv-04600<br>Crim. Case No. 4:07-cr-00031-1 |
| v. | § | |
| United States of America, | § | |
| *Respondent.* | § | |

**MEMORANDUM AND RECOMMENDATION**

Now pending is Petitioner Charles Spezzia's second motion to vacate, correct, or modify his sentence under 28 U.S.C. § 2255, Crim. Dkt. 203; Civ. Dkt. 1, which the Fifth Circuit authorized Spezzia to file, Civ. Dkt. 18. Spezzia maintains that his conviction and sentence for the additional firearms charge in 18 U.S.C. § 924(c) is invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019), because his predicate offense of hostage taking no longer qualifies as a "crime of violence." Crim. Dkt. 214 at 1-2 (Spezzia's supplemental brief).

Agreeing with Spezzia, the United States of America (the "Government") concedes that Spezzia's conviction under § 924(c) should be vacated and that he should be resentenced. Crim. Dkt. 226 at 1; Civ. Dkt. 23 at 1. The undersigned concurs that the *Davis* principle should apply retroactively to

Spezzia's successive petition and warrants resentencing. It is therefore recommended that the petition be granted.

**Background**

In 2007, Spezzia was indicted on eight counts in connection with a hostage taking and alien smuggling scheme. Crim. Dkt. 51. A jury convicted him on seven of those counts: conspiracy to commit hostage taking, 18 U.S.C. § 1203(a) (Count One); hostage taking, *id.* §§ 1203(a) and 2 (Counts Two and Three); conspiracy to harbor aliens (Count Four); harboring an alien (Count Five); aiding and abetting and using, carrying, and brandishing a firearm in relationship to a "crime of violence," *id.* § 924(c)(1)(A), (B) and 2 (Count Six), specifically, the offense of hostage taking; and possessing an unregistered shotgun modified to have a shortened barrel (Count Eight). *See id*; *see also* Crim. Dkt. 103 (jury verdict). For Count Six, the jury was instructed that the hostage taking offense alleged in Count Two constituted a crime of violence for purposes of § 924(c). Crim. Dkt. 97 at 29.

Spezzia was sentenced on November 9, 2007. First, he was sentenced to 240 months in prison for the hostage-taking offenses in Counts One, Two, and Three. Crim. Dkt. 143. Second, he received 120 months of imprisonment for the alien-smuggling offenses (Counts Four and Five) and the firearms offense (Count Eight), to run concurrently with the sentence for Counts One, Two, and Three. *Id.* Third, Spezzia received an additional term of eighty-four months

of imprisonment for the violation of § 924(c) in Count Six, to run consecutively with his other sentences. *Id.*; *see also* Dkt. 146 (judgment).

Spezzia appealed. The Fifth Circuit affirmed his conviction, *see United States v. Spezzia*, 307 F. App'x 853, 853-54 (5th Cir. 2009) (unpublished), and the Supreme Court denied his petition for a writ of certiorari, *see Spezzia v. United States*, 129 S. Ct. 2749 (2009). Nearly four years later, Spezzia filed a motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Crim. Dkt. 184 at 1. The Court dismissed the motion as time barred. Crim Dkt. 193.

In 2019, the Supreme Court issued *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Court held that the "catchall" residual clause in 18 U.S.C. § 924(c)—the statute underlying Spezzia's conviction in Count Six and the Court's imposition of a corresponding 84-month consecutive sentence—is unconstitutionally vague. *Id.* at 2336. That clause defines a "crime of violence" that can trigger mandatory minimum penalties as "any offense that is a felony ... that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

Spezzia filed another petition under 28 U.S.C. § 2255 on Nov 19, 2019. *See* Civ. Dkt. 1; Crim Dkt. 203. The Government opposed the motion, arguing that Spezzia had not received authorization from the Fifth Circuit before filing his successive petition. *See* Civ. Dkt. 5 at 11; Civ. Dkt. 11 at 5-7. In the

interim, the Fifth Circuit held in *United States v. Picazo-Lucas*, 821 F. App'x 335, 335 (5th Cir. 2020), that the offense of "hostage taking cannot serve as a predicate crime of violence for a § 924(c) conviction as a matter of law."

This Court requested additional briefing. Crim. Dkt. 212. In response, Spezzia argued that hostage taking does not qualify as a "crime of violence" that can support his conviction and sentence under § 924(c). Crim. Dkt. 214. The Government acknowledged *Picazo-Lucas*'s holding but maintained that Spezzia lacked authorization to file his successive § 2255 petition. Crim. Dkt. 215. This Court transferred Spezzia's motion to the Fifth Circuit, *see* Civ. Dkt. 14, which authorized him to pursue successive petition to challenge his conviction and sentence under § 924(c)(1)(A), *see* Crim. Dkt. 221; Civ. Dkt. 18.

On remand, this Court requested additional briefing from the Government asking it to clarify whether it still opposed Spezzia's successive petition. *See* Civ. Dkt. 20. The Government responded by conceding that Spezzia should be granted relief. Crim. Dkt. 226; Civ. Dkt. 23.

## Analysis

### I. *Davis* applies retroactively to Spezzia's successive petition.

Although the Fifth Circuit granted Spezzia leave to file a successive petition, this Court still must determine whether he has satisfied the jurisdictional requirements for relief. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). To do so, Spezzia must "prove at the district court level that

the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019). Otherwise, "the district court lacks jurisdiction and must dismiss his successive petition without reaching the merits." *Id.*

Here, the Government concedes that the Supreme Court's decision in *Davis* established "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Although not explicitly addressed by the Government, it further appears that Spezzia's conviction relied on the portion of the firearms enhancement statute, 18 U.S.C. § 924(c)(3)(B), that *Davis* rejected. As a result, the Court should conclude that Spezzia has satisfied the threshold requirements for review under § 2255(h).

### A. *Davis* pronounced a new constitutional rule that the Government agrees should apply retroactively.

The first inquiry is whether the Supreme Court's 2019 decision in *Davis* qualifies as a new constitutional rule that was previously unavailable to Spezzia and should apply retroactively to his successive § 2255 petition. The Government maintains that these requirements are satisfied. Crim. Dkt. 226; Civ. Dkt. 23. Based on prevailing authority, the undersigned agrees.

The statute underlying Spezzia's conviction and sentence in Count Six prescribes enhanced punishments for "any person who, during and in relation

to any *crime of violence* ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm" or "possesses a firearm ...." 18 U.S.C. § 924(c)(1)(A) (emphasis added). The term "crime of violence" is defined as a felony offense that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). Alternative (A) is known as the "elements clause." Alternative (B) is called the "residual clause."

Pursuant to § 2255(h), the new rule of constitutional law alleged in this case concerns the definition of "crime of violence" in the residual clause, § 924(c)(3)(B). The Supreme Court invalidated that residual clause in *Davis* as "unconstitutionally vague." 139 S. Ct. at 2324 (rejecting the Government's alternative readings of the residual clause that "cannot be squared with the statute's text, context, and history").

The Fifth Circuit has concluded that "*Davis* easily meets" the criteria for a new rule of constitutional law. *United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019). This is because *Davis* extended to § 924(c)(3)(B) several prior decisions invalidating "different (but similarly worded) provisions in other statutes ...." *Id.* In addition, "[t]he *Davis* ruling resolved a circuit split

regarding the residual clause's constitutionality, which evidences that the result in *Davis* was not apparent to all reasonable jurists." *Id.*

The record also confirms that *Davis*'s new rule was "previously unavailable" within the meaning of § 2255(h). Spezzia filed his first § 2255 petition in 2013, Crim. Dkt. 184, years before *Davis* was decided in 2019. *Davis* therefore was "previously unavailable" to Spezzia. *See In re Campbell*, 750 F.3d 523, 530 (5th Cir. 2014) (invalidation of death penalty for intellectually disabled persons was unavailable to petitioner because *Atkins v. Virginia*, 536 U.S. 304 (2002), was decided after his first federal habeas writ was filed).

Another inquiry under § 2255(h) is whether *Davis* applies retroactively to successive petitions like Spezzia's. The Fifth Circuit has not definitively resolved this question. And as the Government acknowledges, the Supreme Court did not explicitly make *Davis* retroactive. Dkt. 23 at 11 (citing *Davis*, 139 S. Ct. at 2354 (Kavanaugh, dissenting)).

Nevertheless, the Supreme Court's holdings in "[m]ultiple cases can render a new rule retroactive ... if the holdings in those cases necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001). Invoking this principle, the Fifth Circuit concluded that the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018), which invalidated a similar residual clause incorporated within the Immigration and Nationality Act, applied retroactively. *United States v. Vargas-Soto*, 35 F.4th 979, 989 (5th

Cir. 2022). As explained in *Vargas-Soto*, the Supreme Court has held that "new substantive rules generally apply retroactively." *Id.* (citing *Schriro v. Summerlin*, 542 U.S. 348, 353-55 (5th Cir. 2019)). The Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015), also invalidated an analogous residual clause in the Armed Career Criminal Act, a rule that the Court deemed to be retroactive in *Welch v. United States*, 578 U.S. 120, 127, 135 (2016). *See Vargas-Soto*, 35 F.4th at 898 (discussing these authorities). Based on this progression, the Fifth Circuit concluded it was "constrained to hold that the Supreme Court has made *Dimaya* retroactive." *Id.*

In a subsequent decision, the Fifth Circuit acknowledged that "[t]here is no principled distinction between *Dimaya*"—which that court construed as retroactive in *Vargas-Soto*—and *Davis*—the Supreme Court decision extending *Dimaya*'s rationale to the residual clause in § 924(c)(3)(B). *In re Hall*, 979 F.3d 339, 346 (5th Cir. 2020). In *Hall*, the Fifth Circuit questioned whether pre-*Davis* decisions necessarily dictate that its rule should apply retroactively but did not resolve the issue. *See id.* at 347. Despite expressing those concerns, however, "numerous Fifth Circuit panels [] have authorized successive motions under § 2255(h)(2) to raise *Davis* claims. And [it appears that] the Government has contested none of them." *In re Harris*, 988 F.3d 239, 241 (5th Cir. 2021) (Oldham, J., concurring); *see also In re Fields*, 831 F. App'x

710, 711 (5th Cir. 2020) (explaining "we have authorized a number of successive petitions based on *Davis*").

Like in *Harris*, the Government agrees in this case that *Davis* should apply retroactively to Spezzia's successive petition. Dkt. 23 at 11. Other circuit courts analyzing the issue have uniformly agreed with this conclusion. *See, e.g.*, *In re Thomas*, 988 F.3d 783, 788-90 (4th Cir. 2021); *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020); *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). Given the consistency of these authorities, the lack of contrary Fifth Circuit precedent, and the Government's concession, the Court should conclude that *Davis* qualifies as a new, retroactive constitutional rule under § 2255(h)(2).

**B. Spezzia's § 924(c) conviction more likely than not was based on the residual clause.**

The remaining jurisdictional hurdle requires Spezzia to show that the relief he seeks relies on the new *Davis* rule. In this context, Spezzia "must show it is more likely than not he was convicted under Section 924(c)'s residual clause." *See United States v. Lott*, 64 F.4th 280, 283-84 (5th Cir. 2023) (applying this standard from *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019), which addressed the invalidation of an analogous residual clause in 18 U.S.C. § 924(e)). Whether a sentence was imposed under the residual clause or, alternatively, under the elements clause of § 924(c) depends on "the

law at the time of sentencing." *See Clay*, 921 F.3d at 556 (quoting *United States v. Wiese*, 896 F.3d 720, 724 (5th Cir. 2018)).

According to both the Superseding Indictment and the jury instructions, the sole predicate offense for Spezzia's § 924(c) conviction was the felony of aiding and abetting hostage taking, 18 U.S.C. §§ 1203(a) and 2. Dkt. 51 at 5 (Superseding Indictment); Dkt. 97 at 25, 29 (jury instructions for Count Six reference the hostage-taking charge in Count Two). The record does not illuminate which definition of "crime of violence" in § 924(c) the Government had invoked or that the Court found to be satisfied.

By agreeing that Spezzia is entitled to a resentencing, however, the Government tacitly concedes that Spezzia's § 924(c) conviction was premised on the residual clause. This is bolstered by case law at the time of Spezzia's conviction and sentence, which signaled that his underlying offense of hostage taking would not have constituted a crime of violence under the alternative definition of "crime of violence" in the elements clause, § 924(c)(3)(A).

When Spezzia was convicted and sentenced in 2007, the Fifth Circuit had not yet resolved whether hostage taking qualified as a "crime of violence" under the elements clause. That did not happen until recently, when the Fifth Circuit reversed a § 924(c) conviction on direct appeal in *Picazo-Lucas*, 821 F. App'x at 338-39 (finding plain error). Even so, the Supreme Court had laid the groundwork for this inquiry long ago, by directing courts to employ a

categorical approach that compares the statutory definitions without regard to the facts underlying the defendant's conviction. *See Taylor v. United States*, 495 U.S. 575, 600 (1990) (analyzing parallel provision, § 924(e)).

The elements clause of § 924(c) requires the "use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A). Hostage taking, by contrast, requires a defendant to have "(1) seized or detained another person, and (2) threatened to kill, injure, or continue to detain that person, (3) with the purpose of compelling a third person or entity to act in some way" as a condition for releasing that person. *United States v. Ibarra-Zelaya*, 465 F.3d 596, 602 (5th Cir. 2006) (analyzing 18 U.S.C. § 1203(a)). For the first requirement, even "non-physical restraint" can be enough to seize or detain the victim. *United States v. Carrion-Caliz*, 944 F.2d 220, 225 (5th Cir. 1991). That is also true of the second element, which can be met by continuing to detain a victim and, thus, does not require use of force. *See Ibarra-Zelaya*, 465 F.3d at 602. The third requirement addresses the purpose behind the defendant's actions, rather than the actions themselves, and therefore is irrelevant to the inquiry.

These longstanding decisions confirm that the offense of hostage taking does not necessarily or categorically involve the use or threatened use of physical force. Indeed, the Fifth Circuit ultimately reached that conclusion in *Picazo-Lucas*, 821 F. App'x at 338-40, which relied on the same authorities to

overturn a § 924(c) conviction premised on hostage taking. That leaves only the residual clause, § 924(c)(3)(B), as the legal basis for Spezzia's conviction. The Court therefore should find that Spezzia's conviction relied on *Davis*, such that this Court has jurisdiction to review his successive petition.

## II. *Davis* warrants vacating Spezzia's conviction under § 924(c) and granting a new sentencing.

On the merits, the Government agrees that Spezzia is entitled to relief.[1] Civ. Dkt. 23 at 12-13. As discussed above, *Davis* forecloses reliance on the residual clause to support Spezzia's § 924(c) conviction. *See Davis*, 139 S. Ct. at 2324. And as signaled by pre-*Davis* decisions—and confirmed in *Picazo-Lucas*, 821 F. App'x at 340—Spezzia's predicate offense of hostage taking does not qualify as a crime of violence under the alternative elements clause of § 924(c). This leaves no basis for Spezzia's § 924(c) conviction for violating Count Six, which was premised on hostage taking. *See* Crim. Dkt. 51 at 5; Crim. Dkt. 97 at 25. Accordingly, this Court should vacate Spezzia's conviction for Count Six (Dkt. 146).

The Government also agrees that Spezzia is entitled a new sentencing hearing. Civ. Dkt. 23 at 12-13. When originally sentencing Spezzia, the Court noted that the Sentencing Guidelines recommended a term of life

---

[1] The Government explicitly waived any timeliness defenses "[i]n the interest of justice ...." Dkt. 23 at 12 n.3.

imprisonment for the hostage-taking offenses, with an additional mandatory term of 84 months on the § 924(c) conviction in Count Six. Crim. Dkt. 168 at 4-5. Based on Spezzia's youth (age 25 at the time of conviction), his lack of serious criminal history, and the context of the crimes committed, the Court imposed a below-Guidelines sentence of 240 months in prison for Counts One through Three (hostage-taking-related offenses) and a concurrent sentence of 120 months for Counts Four, Five, and Eight (for conspiracy to harbor aliens; harboring an alien; and possessing an unregistered short-barreled shotgun, respectively), followed by the mandatory 84-month sentence of imprisonment for § 924(c). *Id.* at 5-9 (Defendant's arguments for downward departure); *id.* at 9-10 (Government's recommendation of a 20-year sentence for hostage taking "plus the seven" years for § 924(c)); *id.* at 10-12 (Court's explanation).

The Court's rationale suggests a possibility that it had accounted for the mandatory minimum sentence on the § 924(c) count when fashioning the downward departure for the remaining counts of conviction. On the other hand, the Guidelines also excluded consideration of Spezzia's possession of a firearm during the hostage taking event, which otherwise could have applied, *see* U.S.S.G. § 2A4.1(b)(3), because that conduct was separately charged under § 924(c), *see* U.S.S.G. § 2K2.4, Commentary Background & Application Note 4; Crim. Dkt. 127 at 13 (noting this exclusion in the Presentence Investigation Report). That restriction would not apply after the § 924(c) conviction is

vacated. *See, e.g.*, *United States v. Benbrook*, 119 F.3d 338, 339-41 (5th Cir. 1997) (vacatur of § 924(c) conviction permitted imposing a two-level firearms enhancement when fashioning a new sentence for the predicate offenses).

As the Government concedes, Dkt. 23 at 11-12, the intertwinement of Spezzia's sentences for the underlying hostage-taking offense and the now-invalid § 924(c) conviction merits granting a new sentencing hearing. *See Benbrook*, 119 F.3d at 339 (characterizing sentences under § 924(c) and the predicate offense as "interdependent" and "inextricably intertwined"); *see also, e.g.*, *United States v. Saucedo*, 2022 WL 1198219, at *1 (5th Cir. Apr. 22, 2022) (holding that "vacatur of [a] § 924(c) conviction changed the circumstances surrounding the original sentencing and required review of the entire sentence"). This Court should therefore appoint new counsel for Spezzia and set the matter for resentencing.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Petitioner Charles Spezzia's motion to vacate or set aside his sentence (Civ. Dkt. 1; Crim. Dkt. 203) be **GRANTED**. It is further **RECOMMENDED** that the Court vacate Spezzia's conviction in Count Six, for violating 18 U.S.C. § 924(c) (Crim. Dkt. 146), appoint new counsel for Spezzia, and set this matter for resentencing.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on May 16, 2023, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge